UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

EDMUND M. ABORDO,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

---

Civil File No. 00-2147 (DWF/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On January 25, 1994, Petitioner was convicted of four counts of second degree sexual assault and eight counts of fourth degree sexual assault in the first circuit court for the State of Hawaii. He was sentenced to twenty years for each second degree conviction and one year for each fourth degree conviction, with said terms to be served concurrently. On or around November 1998, the State of Hawaii sent Petitioner to the Prairie County Correctional Facility in Appleton, Minnesota, for incarceration pursuant to a contract with the Appleton Economic Development Authority and

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FEB 16 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Corrections Corporation of America. The Prairie County Correctional Facility is operated by the Correctional Corporation of America. Petitioner is presently serving his sentence at the Prairie County Correctional Facility. (Petition, [Docket No. 1], at 1.)

Following his conviction, Petitioner filed an appeal with the Hawaii Intermediate Court of Appeals claiming that he was denied the right to a fair trial. (Respondent's Exh. 5 at 2.) The Hawaii Intermediate Court of Appeals rejected Petitioner's claim and affirmed his conviction on May 22, 1998. Petitioner did not seek further review of his conviction and incarceration in either Minnesota's or Hawaii's state court system.

On September 11, 2000, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2254. The instant petition lists only a single ground for relief -- Petitioner essentially argues that the State of Hawaii has no authority to keep him incarcerated in a private correctional facility outside the State of Hawaii. Since we find that Petitioner's claim for relief has never been raised in any state court proceeding, his claim cannot be entertained at this time. It will therefore be recommended that the instant petition be dismissed for non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119

S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that Petitioner has not presented his current habeas corpus claim to any state court. Thus, Petitioner clearly has not satisfied the exhaustion of state court remedies requirement. Because federal courts will not entertain habeas petitions that contain unexhausted claims, the instant petition is subject to summary dismissal under Rule 4.

No provision of the Constitution is violated by a State's decision to confine a convicted prisoner in a prison owned by a private firm rather than by a government entity. See Olim v. Wakinekona, 461 U.S. 238, 245-248 (1983); Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999). Accordingly, the Court recommends that the petition be dismissed with prejudice as it fails to state a claim. See Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE.**[2]

DATED: February 15, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

[2] Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his Motion to Consolidate [#16] must be denied.