UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EDMUND M. ABORDO,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

Civil File No. 00-2147 (DWF/FLN)

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner's Motions to: (1) Strike Pro Hac Vice Pleadings From the Record and to take Judicial Notice [#8]; (2) Grant the Writ for Failure of Respondent to Answer Court's Order [#9]; and (3) Grant Relief of Habeas Corpus Petition [#12]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the Petitioner's Motions be denied.

## I. BACKGROUND

On January 25, 1994, Petitioner was convicted of four counts of second degree sexual assault and eight counts of fourth degree sexual assault in the First Circuit Court for the State of Hawaii. He was sentenced to twenty years for each second degree conviction and one year for each fourth degree conviction, with said terms to be served concurrently.

On or around November 11, 1998, the State of Hawaii sent Petitioner to the Prairie County Correctional Facility ("PCF") in Appleton, Minnesota, for incarceration pursuant to a contract with the Appleton Economic Development Authority and the Corrections Corporation of America. The PCF is operated by the Correctional Corporation of America. (Petition, [Docket No. 1], at 1.)

FILED FEB 28 2001
CLERK
DEPUTY CLERK

Shortly after arriving at PCF, Petitioner filed his application for habeas corpus relief with the District Court of the Eighth Judicial District for the State of Minnesota. On April 20, 2000, the Minnesota district court denied his petition because it failed to satisfy the requirements of the habeas corpus statute and was frivolous. (Petitioner's Supp. Brief in Supp. of Motion for Habeas Corpus Relief, Exh. A).

On September 15, 2000, Petitioner filed an application for federal habeas corpus relief under 28 U.S.C. § 2241. On October 18, 2000, Byran C. Yee, Deputy Attorney General for the State of Hawaii ('Mr. Yee"), was admitted pro hac vice as counsel for Defendant Timothy O'Dell. On October 30, 2000, Petitioner filed: (1) an Objection to the Pro Hac Vice [#7]; and (2) a Motion to Strike Pro Hac Vice Pleadings From the Record [#8]. On November 29, 2000, Petitioner filed another Motion to Grant Relief of Petitioner's Habeas Corpus [#12] arguing that Mr. Yee's admission violated Local Rule 83.5(e). On February 15, 2001, this Court recommended that Petitioner's application for habeas relief be dismissed with prejudice because he failed to exhaust his administrative remedies.[1] See Abordo v. O'Dell, Report and Recommendation, Civil File No. 00-2147 DWF/FLN (Feb. 15. 2001).

## II. DISCUSSION

### 1. Motion to Strike Pro Hac Vice Pleadings From the Record and to take Judicial Notice [#8]

Petitioner essentially argues that Mr. Yee's admission pro hac vice violates Local Rule

[1] This Court's February 15, 2001, Report and Recommendation incorrectly noted that Petitioner filed his application for habeas corpus relief under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241. See Abordo v. O'Dell, Report and Recommendation, Civil File No. 00-2147 at 1. This error has no effect upon this Court's recommendation that Petitioner's application for habeas relief be dismissed with prejudice.

83.5(e).[2] Specifically, he contends that Mr. Yee represents the Corrections Corporation of America, a private entity, and does not represent any government officer, agency or United States Official as required by Local Rule 83.5(e). Accordingly, Petitioner contends that since there is no government involvement, Mr. Yee's has no standing to answer for the Respondent in this Court, his admission violates Local Rule 83.5(e) and his pleadings should be stricken from the record.

This argument is clearly without merit. Mr. Yee was admitted to practice before this court in this case on October 18, 2000, by an order which appears in the file at Docket Entry No. 5. He was admitted pursuant to the procedures outlined in Local Rule 83.5(d). As the United States is not a party to this case, and as Mr. Yee does not purport to represent the United States, Local Rule 83.5(e) is not applicable.

Petitioner also alleges that the State of Hawaii has somehow "lost jurisdiction" over him, by causing him to be transferred to an out-of-state prison. This argument might warrant greater discussion if Hawaii had deliberately and voluntarily relinquished its authority to detain Petitioner. See e.g., Shields v. Beto, 370 F.2d 1003, 1005-06 (5th Cir. 1967)(State of Texas was barred, based on waiver, from re-asserting custody of prisoner after voluntarily surrendering him to Louisiana legal authorities and making no effort to re-establish custody until more than 28 years later). It is readily apparent, however, that Petitioner has never been released from custody by the State of Hawaii.

---

[2] Local Rule 83.5(e) provides that:

> Attorneys admitted to practice in a United States District Court, but not qualified under this rule to practice in the District of Minnesota, may , nevertheless, if they are representing the United States of America or any officer, or agency thereof, practice before this Court in any action or proceeding in this Court in which the United States or any officer or agency thereof is a party.

Although he happens to be serving his Hawaii prison sentence outside the geographical boundaries of that state at this particular time, nothing in the record suggests that the Hawaiian Department of Corrections has relinquished its legal custody of Petitioner. See Blango v. Thornburgh, 942 F.2d 1487, 1491 (10th Cir. 1991)(District of Columbia did not waive jurisdiction over habeas petitioner by transferring him to a federal prison in Leavenworth, Kansas); Joyner v. Henman, 755 F.Supp. 982, 985 (D.Kan. 1991)("there is no merit in petitioner's claim that the state of Pennsylvania lost all jurisdiction when it transferred him to [the U.S. Penitentiary in Leavenworth, Kansas]).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Motion to Strike Pro Hac Vice Pleadings From the Record and to take Judicial Notice [#8] be **DENIED**;

2. Petitioner's Motion to Grant the Writ for Failure of Respondent to Answer Court's Order [#9] be **DENIED**;

3. Petitioner's Motion to Grant Relief of Habeas Corpus Petition [#12] be **DENIED**.

DATED: February 28, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or

judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.